UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 AUG 27 P 12: 16
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| LINDA MERRILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 2:08-CV-704-WHA |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| AMERICAN EXPRESS, a foreign company, and | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |
| a foreign corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned counsel, and would show unto this Court as follows:

### PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by an individual consumer against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2. In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Northern Division of the MIddle District of Alabama.

## PARTIES

4.  Plaintiff LINDA MERRILL (hereinafter referred to as "MERRILL" or "Plaintiff") is a natural person and a resident and citizen of Montgomery County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5.  Defendant AMERICAN EXPRESS (hereinafter referred to as "AMEX" or "Defendant") is a foreign corporation engaged in the business of furnishing consumers with credit in the State of Alabama.

6.  Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter referred to as "EXPERIAN" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. EXPERIAN is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

7. Plaintiff restates and reiterates herein all previous paragraphs.

8. Plaintiff filed bankruptcy and was discharged on January 17, 2008, with all Defendants receiving a copy of the discharge order. The case number is 07-31514 and it was filed in the Middle District of the Alabama Bankruptcy Court.

9. Despite its receipt of the aforementioned court order, Defendant AMEX continues to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable rather than reflecting that such were discharged in bankruptcy. More specifically, Defendant AMEX shows balances of $7 and $39 on EXPERIAN.

10. Defendant AMEX has intentionally and maliciously failed and/or refused to either accurately report the accounts as having been discharged in bankruptcy or notify the CRAs that such accounts have a zero balance as a result of being discharged in bankruptcy.

11. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendant AMEX.

12. Defendant AMEX has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury.

13. Defendant AMEX knew and knows that a discharge order means Plaintiff no longer owes the debts and has no personal liability to Defendant. However, Defendant made a

corporate decision to willfully and maliciously act contrary to its knowledge in a calculated decision to violate the requirements to properly update Plaintiff's accounts.

14. Defendant AMEX has a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiff, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

15. Defendant AMEX updates numerous accounts each month with allegedly the correct information regarding the balances but has willfully and maliciously refused to do so with Plaintiff and other consumers who are similarly situated.

16. Defendant AMEX has willfully and maliciously failed to report Plaintiff's accounts as having a "0" balance as required by 16 CFR § 607(6) which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

17. Defendant AMEX has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but it has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

18. Defendant AMEX has a policy to "park" its accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in

order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

19. To provide background information on the practices of the credit industry related to the purchase and collection of discharged debt (including collection by leaving false balances on credit reports otherwise known as "parking"), Plaintiff refers this Honorable Court to the November 12, 2007, article "Prisoners of Debt" in Business Week. This article may be located at http://www.businessweek.com/magazine/content/07_46/b4058001.htm.

20. In the context of parking an account, Defendant AMEX has an obligation and duty under federal and state law to accurately report the balance and it willfully and maliciously refuses to do so.

21. Defendant AMEX has agreed to and understands it must follow the requirements of the FCRA including:

   a) 15 U.S.C. § 1681(a)(1)(a) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

   b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

      (i)    the person has been notified by the consumer[1], at the address specified by the person for such notices, that specific information is inaccurate; and

      (ii)    the information is, in fact, inaccurate."

  c)  15 U.S.C. § 1681(a)(2) which states, "[a] person who -

      (A)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

      (B)    has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

22. Defendant AMEX knows that parking a balance will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. However, Defendant intentionally and maliciously intends to force Plaintiff, and others similarly situated, to pay on an account that has been discharged.

23. Plaintiff's credit reports have been accessed since the discharge and therefore the false information of Defendant AMEX has been published to third parties.

---

[1] The notice here comes from the federal bankruptcy court relating directly to the consumer.

24. When the consumer pays the "parked" account, Defendant AMEX claims that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendant knows and intends that, by willfully and maliciously parking the account on the credit report, an illegal payment can be extorted from the consumer.

25. Despite receiving disputes regarding its false reporting, Defendant AMEX has intentionally and knowingly maintained its policy of keeping false and damaging information on at least one of Plaintiff's credit reports.

26. Defendant AMEX has a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, ADTPA, federal law and state law.

27. All actions taken by employees, agents, servants, or representatives of any type of Defendant AMEX were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

28. The actions of Defendant AMEX were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiff, and/or with the knowledge that its actions would very likely harm Plaintiff, and/or that its actions were taken in violation of the law.

29. Defendant AMEX has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects it to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

30. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendant AMEX, regarding Plaintiff's alleged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

31. Defendant EXPERIAN has failed and/or refused to verify the accuracy of the information it has published and continues to publish in Plaintiff's credit reports.

32. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendant EXPERIAN has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**FIRST CAUSE OF ACTION**
**DEFENDANT AMEX**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

33. Plaintiff restates and reiterates herein all previous paragraphs.

34. Defendant attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, the following actions of Defendant violated the FDCPA:

   a) Falsely attempting to collect a debt, by reporting a balance, when there is no legal right to collect the discharged debt;

  b)  Taking illegal actions against Plaintiff;

  c)  Refusing to properly update the accounts;

  d)  Failing to show the accounts as being "disputed" by Plaintiff; and

  e)  Reporting the invalid debt on Plaintiff's credit reports.

35. The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of its routine debt collection business and/or in gross reckless disregard of the rights of Plaintiff.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

37. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that itsw conduct violated the FDCPA, and Plaintiff's actual and statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

**SECOND CAUSE OF ACTION
DEFENDANTS AMEX AND EXPERIAN
VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
ALA. CODE 1975 § 8-19-3, *et seq.***

38. Plaintiff restates and reiterates herein all previous paragraphs.

39. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

40. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

41. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

42. The conduct described herein has tremendous potential to be repeated where other similarly situated consumers will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

43. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages and Defendants are liable to Plaintiff for such injury.

### THIRD CAUSE OF ACTION
### DEFENDANTS AMEX AND EXPERIAN
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681, *et seq.*

44. Plaintiff restates and reiterates herein all previous paragraphs.

45. In the entire course of their actions, Defendants willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

   b) By willfully and/or negligently failing to comport with FCRA section 1681i;

   c) Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

   d) Invading the privacy of Plaintiff; and

   e) Failing in their duty to prevent foreseeable injury to Plaintiff.

46. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiff.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

48. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that their conduct violated the FCRA, and Plaintiff's actual and statutory damages, and costs and attorney's fees under the FCRA.

### FOURTH CAUSE OF ACTION
### DEFENDANT AMEX
### NEGLIGENT, RECKLESS AND WANTON CONDUCT

49. Plaintiff restates and reiterates herein all previous paragraphs.

50. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

51. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

52. As a result of the Defendant's unlawful acts, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

### FIFTH CAUSE OF ACTION
### DEFENDANT AMEX
### HARASSMENT

53. Plaintiff restates and reiterates herein all previous paragraphs.

54. Defendant's acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being. Defendant's harassing collection tactics created a hostile environment for Plaintiff.

55. Defendant wrongfully exploited Plaintiff in an attempt to coerce Plaintiff into paying the alleged debts.

56. Defendant's communications to Plaintiff were offensive and harassing.

57. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## SIXTH CAUSE OF ACTION
## DEFENDANT AMEX
## INVASION OF PRIVACY

58. Plaintiff restates and reiterates herein all previous paragraphs.

59. Defendant's conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

60. As a direct and proximate consequence of Defendant's acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## SEVENTH CAUSE OF ACTION
## DEFENDANT AMEX
## DEFAMATION

61. Plaintiff restates and reiterates herein all previous paragraphs.

62. Defendant published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

63. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by Defendant.

64. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

65. As a direct and proximate consequence of Defendant's acts of defamation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## EIGHTH CAUSE OF ACTION
## DEFENDANT AMEX
## MISREPRESENTATION

66. Plaintiff restates and reiterates herein all previous paragraphs.

67. Defendant intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that it has falsely represented that Plaintiff owes money to that Defendant.

68. Defendant intends that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

69. Defendant has intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

70. As a direct and proximate consequence of Defendant's acts of misrepresentation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

71. Plaintiff restates and reiterates herein all previous paragraphs.

72. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law and state law.

73. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

74. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

75. Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

    a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to

engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff state and federal statutory damages;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED, this _5_ day of August, 2008.

K. ANDERSON NELMS (NEL022)
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
Phone: (334) 351-1770
Fax: (334) 351-1774
andynelms@andersonnelms.com
ASB-6972-E63K
Counsel for Plaintiff

OF COUNSEL:
Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

AMERICAN EXPRESS
c/o Louise Parent, Executive Vice President and General Counsel
200 Vesey Street
New York, NY 10285

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109